IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AUGUSTUS JOSEPH ISAAK, a.k.a. Josephime "Jo" Von Isaak,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>IDAHO DEPARTMENT OF CORRECTION; IDAHO BOARD OF CORRECTION; CAROLYN MELINE RALPH TOWNSEND; DWIGHT BOARD JIM TIBBS; JAY NIELSEN; ROBIN SANDY; THOMAS BEAUCLAIR; VAUGHN KILLEEN; DAVID HAAS; K.G. KHATAIN, M.D.; CHAD SOMBKE, Ph. D.; RODNEY ROE; SHARLENE GREEN, D. Psy.; GREGORY FISHER; JOHN HARDISON; MARY PERRIEN; ROYCE CRESSWELL; TOM HADLAW; RANDY BLADES; KEITH YORDY; SHANNON CLUNEY; JOHN NOAK; JON BURKE; JOSLYN PATCHETTE; MICHAEL SHAW; DAVID MITCHELL; MICHAEL JOHNSON; M. CREWSON; RUSSELL BOWLING; PRISON HEALTH SERVICES, and CORRECTIONAL MEDICAL SERVICES.<br><br>　　　　　Defendants. | Case No. CV-06-33-S-BLW<br><br>**ORDER** |

Pending before the Court is the CMS Defendants' Motion to Dismiss Claim

**ORDER – 1**

of Medical Malpractice, or in the alternative, Motion to Stay Proceedings (Docket No. 67, all parts therein).  Having reviewed the pending motion, its supporting briefs and the record before it, the Court has determined that Defendants' Motion to Dismiss the medical malpractice claim will be denied and that the request to stay the entire case pending the pre-litigation screening hearing will also be denied.

## MOTION TO DISMISS OR STAY

### Background

Plaintiff alleges that he is a male to female transsexual.[1]  He claims that he suffers from Gender Identity Disorder (GID) and that Defendants failed to diagnose and treat the disorder.  Plaintiff claims that as a result of the failure to diagnose and treat him, he removed his testicles.  Approximately one year later, Plaintiff amputated the tip of his penis.  He claims that Defendants continue to ignore his serious medical condition.

Plaintiff's Complaint was filed pro se, but he obtained counsel in April of 2006.  Plaintiff's counsel filed an Amended Complaint on December 22, 2006, containing both an Eighth Amendment civil rights claim and a medical malpractice claim.  His counsel submitted a request to the Idaho Board of Medicine for a

---

[1] Plaintiff obtained a legal name change on October 11, 2006.  His new name is Josephime Von Isaak.  Although Plaintiff has requested that he be referred to by the feminine pronoun, the Court will use the masculine pronoun for ease of reference when referring to him in Orders.

**ORDER – 2**

hearing before the Prelitigation Screening Panel on the same day. *Affidavit of Mia Mazza, Docket No. 74*, p. 2.

In the Court's Initial Review Order, Plaintiff was authorized to proceed against several Defendants on both the Eighth Amendment and state law medical malpractice claims. Defendants were served with the lawsuit, and the CMS Defendants filed an Answer on January 9, 2007. *Docket No. 53*. The Idaho Board of Medicine notified the parties that the request for a screening hearing had been received and asked counsel to provide their availability for the hearing. Plaintiff's counsel provided their available dates for the hearing on February 13, 2007. *Mazza Affidavit, Docket No. 74*, p. 2. Plaintiff's counsel contacted the screening panel chairman to inquire as to the screening hearing date, and they were allegedly informed that Defendants' counsel had failed to provide available dates for the screening hearing. *Id*., p. 3.

On March 26, 2007, the CMS Defendants filed a motion in this action, requesting dismissal of the state law medical malpractice claim. In the alternative, the CMS Defendants requested that the action be stayed pending the parties' participation in the prelitigation screening process for the state law malpractice claims. *Docket No. 67*. The Medical Board set a screening hearing date for May 10, 2007, based upon the available dates given by Plaintiff's counsel, and

**ORDER – 3**

Defendants' counsel informed the Medical Board that they were not available on that date. *Mazza Affidavit*, p. 4, Exhibit D. Defendants' counsel informed the Board of Medicine that they would provide available dates for the screening hearing. *Id*. There is nothing in the record, indicating that Defendants' counsel ever provided their available dates to the Medical Board.

**Discussion**

Title 28 U.S.C. § 1367 provides that a district court may exercise supplemental jurisdiction over state claims when they are "so related" to the federal claims "that they form part of the same case or controversy under Article III of the United States Constitution." In other words, the supplemental jurisdiction power extends to all state and federal claims which one would ordinarily expect to be tried in one judicial proceeding. *See Penobscot Indian Nation v. Key Bank of Maine*, 112 F.3d 538, 563-64 (1st Cir.1997); *Coastal Fuels of Puerto Rico, Inc. v. Caribbean Petroleum Corp.*, 79 F.3d 182, 190 (1st Cir.1996).

Although the Court may have the factual basis to properly exercise supplemental jurisdiction, the Court may still decline to do so. 28 U.S.C. § 1367(c) provides:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-

**ORDER – 4**

> (1) the claim raised a novel or complex issues of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Id.*; *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (stating that "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right"); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (recognizing that a federal court should also consider and weigh the values of judicial economy, convenience, fairness, and comity in order to decide whether supplemental jurisdiction would be proper).

      The CMS Defendants' motion requests dismissal of Plaintiff's medical malpractice claim on the basis that it is a novel and complex "application of Idaho state medical malpractice law." *Defendants' Memorandum of Points and Authorities, Docket No. 67-2*, p. 4.  Defendants argue that the legal standards for an Eighth Amendment medical claim and a state law medical malpractice claim are "dramatically" different.  Indeed, an Eighth Amendment claim imposes a higher bar to recovery than a medical malpractice claim because an inmate must show the medical provider's deliberate indifference to his serious medical condition.

**ORDER – 5**

*Hudson v. McMillian*, 503 U.S. 1, 8 (1992)(inmate must show that prison officials' "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs."). Deliberate indifference exists when an official knows of and disregards a serious medical condition or when an official is "aware of facts from which the inference could be drawn that a substantial risk of harm exists," and actually draws such an inference. *Farmer v. Brennan,* 511 U.S. 825, 838 (1994); *see also Broughton v. Cutter Lab*, 622 F.2d 458, 460 (9th Cir. 1980)(medical malpractice or negligence will not support a cause of action under the Eighth Amendment).

     Defendants argue that the medical malpractice claim requires proof of a negligent failure to meet the applicable standard of healthcare in Idaho, and it could potentially be difficult to determine the applicable standard of care, given Plaintiff's incarceration in various IDOC facilities. *Defendants' Reply, Docket No. 78*, p. 5. In support of this argument, Defendants cite to *Wilson v. California Department of Corrections*, (not reported in F. Supp. 2d) 2006 WL 707433 (E.D. Cal.), in which the district court dismissed an inmate's state law claim because his injury was job-related and his sole remedy may have been a workers' compensation claim. *Id*. at *6; *see also Medrano v. City of Los Angeles*, 973 F.2d 1499, 1506 (9th Cir. 1992)(federal court did not abuse its discretion in dismissing

**ORDER – 6**


complicated state law issues of ascendant and collateral heirship, intestate succession, negligent retention, and negligent infliction of emotional distress).

After examining Defendants' argument for dismissal of the state law claim, the Court will deny the request to dismiss. The Court is not persuaded that allowing Plaintiff to proceed with both the Eighth Amendment and medical malpractice claims creates too much complexity in the litigation, neither does the medical malpractice claim implicate a novel and complex issue under Idaho law. It is clearly distinguishable from the cases cited in Defendants' briefs, and the medical malpractice claim is sufficiently related to the Eighth Amendment claim as to be part of the same case or controversy. *Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294, 1299 (7th Cir. 1995)(a loose factual connection between the claims is sufficient to show the claims arise from the same case or controversy). The issues surrounding the alleged failure to properly diagnose and treat Plaintiff's psychiatric disorder derive from the same set of facts and involve the same set of medical providers. Based on the foregoing, the CMS Defendants' request for dismissal of Plaintiff's state law claim is denied.

The CMS Defendants also request that the entire case be stayed, pending the resolution of the prelitigation screening hearing. Pursuant to Idaho Code § 6-1001, Plaintiff is required to participate in a prelitigation screening hearing

**ORDER – 7**

before an Idaho Board of Medicine panel. The purpose of the panel is to review the Plaintiff's evidence and provide the panel's comments and observations regarding the merits of the medical malpractice claim. *James v. Buck*, 111 Idaho 708, 727 P.2d 1136, 1137 (1986). The proceedings are "informal and non-binding, but nonetheless compulsory as a condition precedent to litigation." I.C. § 6-1001 (Thomson/West 2007).

The Idaho Supreme Court has determined that filing a proceeding with the prelitigation screening panel is not a condition precedent to filing a complaint in district court. *Moss v. Bjornson,* 115 Idaho 165, 765 P.2d 676, 678 (1988). The *Moss* decision also held that it was not an abuse of discretion to stay the proceedings in state court until the screening panel issued its advisory opinion. *Id.,* 765 P.2d at 678. The statute provides a stay of thirty days after the panel issues its comments and observations. I.C. § 6-1006. The reason for the stay is to allow the parties time to consider an informal resolution of the medical malpractice claim before litigation on the claim commences. I.C. § 6-1005.

Defendants request for a stay of the entire action seems unreasonable in light of the statute's plain language and the length of time that has expired since the screening panel first contacted Defendants to schedule the screening hearing. The statute contemplates a stay of thirty days from the time the screening panel gives

**ORDER – 8**

its comments and observations to the parties.  It has been four months from the time the panel initially set the screening hearing, and Defendants informed the panel chairman that they were unavailable for the hearing.  There is nothing in the record showing that Defendants have provided available dates to the screening panel for a new hearing date.  Therefore, granting a stay of Plaintiff's entire action would seriously delay a case that has already been pending in this Court since January of 2006. [2]

Based on the foregoing, the Court will deny Defendants' request to stay the entire action until the proceeding before the prelitigation screening panel has been completed.  Defendants' counsel shall file a notice with the Court when the screening panel provides its observations and comments to the parties, and the Court will enter a thirty-day stay of the medical malpractice claim at that point.  Defendants shall immediately provide their available dates to the screening panel chairman in order to complete the prelitigation hearing.

---

[2] Plaintiff's counsel indicate in their response to Defendants' Motion that they would have stipulated to a thirty-day stay on the medical malpractice claim if Defendants had approached them with the request.  *Docket No. 73*, *p. 13*.

**ORDER – 9**

**SCHEDULING DEADLINE**

The Court will issue an Order directing the parties to attend a telephonic scheduling conference in this matter.  At the scheduling conference, the parties shall be prepared to discuss all pre-trial deadlines for this case, and Defendants shall notify the Court of the date set for the parties' prelitigation screening hearing.

Additionally, it does not appear that the IDOC Defendants filed an Answer to the Amended Complaint in this action.  Therefore, they are directed to do so within twenty (20) days of this Order's date.  Also, counsel for Defendants shall clarify whether a notice of appearance will be entered on behalf of M. Crewson, a Defendant named in the Amended Complaint.  *Docket No. 52*, p. 7.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that the CMS Defendants' Motion to Dismiss Claim of Medical Malpractice, or in the alternative, Motion to Stay Proceedings (Docket No. 67, all parts therein) is DENIED.  As set forth above, Defendants' counsel shall notify the Court when the proceedings before the Prelitigation Screening Panel have concluded.  A thirty-day stay of the medical malpractice claim shall be entered at that time.

IT IS FURTHER HEREBY ORDERED that the IDOC Defendants shall file an Answer within twenty (20) days.  Counsel for Defendants shall clarify whether an appearance will be entered on behalf of Defendant M. Crewson.



DATED:  **September 21, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**ORDER – 11**